UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN SKYLAR,<br><br>         Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,<br><br>         Defendant. | Case No.: 19cv1581-NLS<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; and**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

  Before the Court is Plaintiff Helen Skylar's complaint seeking judicial review of the Social Security Administration's decision and motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1-2. After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend and **DENIES WITHOUT PREJUDICE** the motion to proceed IFP.

  **I.  Screening Under 28 U.S.C. § 1915(e)**

  A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject

1

19cv1581-NLS

to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint in a social security appeal is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of

2
19cv1581-NLS

the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement. *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which it did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision"). The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint and finds that it fails to meet these pleadings requirements. Plaintiff's complaint recites the legal standards and findings of the ALJ, but fails to provide substantive reasons for why the conclusion was wrong. Plaintiff alleges that "[t]here is no substantial medical or vocational evidence in the record to support" the ALJ's finding on disability, that "[t]here is no substantial evidence to support" the ALJ's finding that Plaintiff could perform substantial gainful activity, and that "[t]he evidence in the record supports only a finding that Plaintiff is disabled." ECF No. 1 at 2-3. None of these statements provide any

3

19cv1581-NLS

factual underpinning as to why the decision was in error. *See Harris*, 2014 WL 1095941, *4; *Gutierrez*, 2011 WL 1087261, *2. Similarly, Plaintiff also alleges that "[n]ew and material evidence . . . exists and warrants a remand" but fails to identify this alleged evidence. ECF No. 1 at 3. Moreover, the Court notes that Plaintiff's complaint appears to be a form complaint that has been used in several other cases in this district alone and has been similarly screened out on IFP.[1] Accordingly, the Court finds that Plaintiff's complaint fails to state a claim for relief and **DISMISSES** the complaint with leave to amend. Plaintiff may correct the deficiencies in her complaint to comply with the requirements as set forth above, and file an amended complaint on or before **September 16, 2019**.

## II. Motion to Proceed IFP

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to

---

[1] See, e.g., *Williams v. Berryhill*, S.D. Cal. No. 18cv2678-AJB (BLM); *Irizarry v. Berryhill*, S.D. Cal. No. 19cv476-AJB (NLS); *Copenhaver v. Berryhill*, S.D. Cal. No. 18cv790-AJB (MDD); *Maye v. Berryhill*, S.D. Cal. No. 19cv110-AJB (WVG)—and others not listed here. The Court denied IFPs in each of these cases and has already repeatedly warned Plaintiff's counsel against filing such form complaints and wasting the Court's time and resources. *See* No. 18cv2678, ECF No. 5; No. 19cv476, ECF No. 2; No. 18cv790, ECF No. 5; No. 18cv110, ECF No. 4.

4

19cv1581-NLS

assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff submits an affidavit stating that she receives $1,742 a month in disability benefits. ECF No. 2 at 2. She claims she has no cash, but failed to fill in the section regarding any monies in financial institutions. *Id.* She claims assets including a home valued at $850,000 and a vehicle valued at $8,500. *Id.* at 3. She claims the following monthly expenses: a mortgage of $2,732.00, utilities of $706, home maintenance of $140, food of $400, medical/dental expenses of $100, credit card payments of $300, and a housekeeper for $150—for a total of $4,528 in monthly expenditures. *Id.* at 4-5.

With this financial information as background, the Court finds that IFP status is not appropriate at this time. A court may deny IFP status to an applicant who can pay the filing fee with acceptable sacrifice to other expenses. *See Bloom v. San Diego Cty. Offices of Health & Human Servs.,* No. 07-CV-1692 W (RBB), 2007 WL 2782562, at *1 (S.D. Cal. Sept. 25, 2007); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982). Here, it appears that Plaintiff claims significant assets, including her home and car, and includes monthly expenses that may fall outside of what constitutes the "necessities of life." Even though Plaintiff's claimed sole source of income is significantly less than her claimed monthly expenses, the Court has not been provided with any explanation on how she is able to sustain this financial discrepancy without another source of income. Thus, the Court is unable to determine if it has been provided with the full picture of Plaintiff's financial situation, and Plaintiff's request to proceed IFP is **DENIED WITHOUT PREJUDICE**.

### III. Conclusion

For the reasons discussed above, the Court **DISMISSES** Plaintiff's complaint with

leave to amend and **DENIES WITHOUT PREJUDICE** the motion to proceed IFP. Plaintiff may file an amended complaint by no later than **September 16, 2019** if she is able to cure the deficiencies in the complaint. At that time, Plaintiff must pay the filing fee or resubmit another motion for IFP, but is cautioned to keep in mind the Court's findings above as to her financial situation.

**IT IS SO ORDERED.**

Dated: August 27, 2019

/s/ Nita L. Stormes

Hon. Nita L. Stormes
United States Magistrate Judge