**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELEN S.,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>  Defendant. | Case No. 19-cv-1581-MMA (NLS)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[Doc. No. 24] |

Marc V. Kalagian, Counsel for Plaintiff Helen S., moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,286.00 from Plaintiff's recovery of approximately $47,967.00 in past-due social security benefits. Plaintiff has not responded to Attorney Kalagian's request, and the Social Security Commissioner[1] does not take a position on the reasonableness of the requested amount.[2] Doc. No. 26. The

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[T]he Commissioner of Social Security has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 811 (2002).

Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 25.  For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

On August 22, 2019, Plaintiff filed a complaint against the Commissioner, seeking judicial review of the Commissioner's decision denying her application for disability benefits.  *See* Doc. No. 1.  The parties jointly moved to remand the action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Doc. No. 20.  The Court granted the motion and remanded the action to the Social Security Administration for further administrative proceedings consistent with the terms set forth in the parties' joint motion.  *See* Doc. No. 21.

The parties then jointly moved the Court for attorney's fees and costs in the total amount of $2,914.25 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  *See* Doc. No. 22.  The Court granted the joint motion.  Doc. No. 23.  On remand, the Commissioner awarded Plaintiff approximately $47,967.00 in retroactive social security benefits.

Now, pursuant to a contingency fee agreement between Plaintiff and her attorney, counsel requests the Court order the payment of attorney's fees in the amount of $6,286.00, and reimburse Plaintiff in the amount of $2,514.25 for EAJA fees previously paid by the Commissioner.

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)).  "Within the 25 percent boundary, . . . the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[3]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.ed at 1151.

Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

In an agreement between Plaintiff and the Law Offices of Rohlfing & Kalagian, LLP dated July 17, 2019, Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the Commissioner. *See* Doc. No. 24 at 9; Doc. No. 24-1 at 1. The parties entered into this agreement prior to initiating this action, and there is nothing in the record to suggest the agreement was reached by improper means. Counsel for Plaintiff spent 11.25 hours on this case, resulting in this Court's order remanding the case for further administrative proceedings and ultimately a favorable decision on remand. *See*

---

[3] The lodestar calculation does not apply to determine reasonableness of fees under § 406(b). *Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contract [with fees authorized pursuant to fee-shifting statutes], are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.") (internal citation omitted).

Doc. No. 24 at 17; *see also* 24-4 at 1.  Plaintiff received an award of approximately $47,967.00 in retroactive benefits.  Doc. No. 24 at 6.  Plaintiff's counsel seeks $6,286.00 in attorney's fees, which constitutes 13.1% of the past-due award and which is a proper amount under § 406(b)(1)(A).

      The Court further finds there is no proper basis to reduce the award, and it is reasonable.  There is nothing in the record to suggest substandard performance, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake.  As a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits.  Finally, the effective hourly rate is approximately $558, which is within the range of rates awarded by some courts.  *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *see e.g.*, *Likens v. Colvin*, No. 11CV0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (effective hourly rate of $666.68 per hour); *Nash v. Colvin*, No. 12CV2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11CV1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (effective hourly rate of $800 per hour); *Richardson v. Colvin*, No. 15-cv-1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (effective hourly rate of $770 per hour).  Thus, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $6,286.00 are reasonable.

* * *

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $6,286.00. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $2,514.25 in EAJA fees that counsel previously accepted for work before the Court.

**IT IS SO ORDERED**.

Dated: February 16, 2022

*/s/ Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge